**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-01213-NYW-SBP

MATT FORTUNE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

IBOTTA, INC.,
BRYAN LEACH,
SUNIT PATEL,
STEPHEN BAILEY,
AMANDA BALDWIN,
AMIT N. DOSHI,
THOMAS LEHRMAN, VALARIE SHEPPARD,
LARRY W. SONSINI,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
BOFA SECURITIES, INC.,
EVERCORE GROUP L.L.C.,
UBS SECURITIES LLC,
WELLS FARGO SECURITIES, LLC,
CITIZENS JMP SECURITIES, LLC,
NEEDHAM & COMPANY, LLC,
and RAYMOND JAMES & ASSOCIATES, INC.,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Judge Nina Y. Wang**

This matter is before the Court on the Notice of Motion of Matt Fortune to Consolidate the Related Actions, Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel (the "Fortune Motion"), [Doc. 16] and the Motion By Mark Tcherkezian for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel (the "Tcherkezian Motion"), [Doc. 18]. On July 2, 2025, Plaintiff Matt Fortune filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions, wherein he states that, having reviewed the Tcherkezian Motion, he "does not appear to have the largest financial interest in this litigation within the meaning of the" Private Securities Litigation Reform Act ("PSLRA"). [Doc. 23 at 2]. None of the Defendants have responded in opposition to the Tcherkezian Motion, and the time to do so has elapsed. *See* D.C.COLO.LCivR 7.1(d).

In the Tcherkezian Motion, putative class member Mark Tcherkezian ("Mr. Tcherkezian") asks the Court to consolidate this case with a related case, appoint him lead Plaintiff, and appoint the law form of Scott+Scott as Lead Counsel. [Doc. 18 at 6–7]. The Court addresses these requests below.

## I. Consolidation

Mr. Tcherkezian asks the Court to consolidate this case with the related case of *Valentine v. Ibotta, Inc.*, Civil Action No. 25-cv-01615-NYW-SBP. [Doc. 18 at 11].

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "The decision whether to consolidate such actions is left to the sound discretion of the trial court." *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). Rule 42(a) is intended "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quotation omitted). Thus, in exercising this discretion, the Court weighs both "judicial economy and fairness to the parties." *MSPBO, LLC v. Adidas N. Am., Inc.*, No. 13-cv-02287-PAB-KMT, 2014 WL 349102, at *1 (D. Colo. Jan. 30, 2014) (citing *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982)).

Mr. Tcherkezian asserts that consolidation is appropriate because the two related cases present common factual and legal issues, alleging violations of the same provisions of the Securities Act based on the same alleged conduct of the same Defendants. [Doc. 18 at 11–12]. He argues that "[c]onsolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense." [*Id.* at 12]. Plaintiff also requests consolidation of the two cases, *see* [Doc. 16 at 2], and no Defendants have opposed consolidation.

The Court has reviewed the pleadings and dockets in this case and in Valentine and agrees that consolidation is appropriate. Both cases stem from the same underlying facts—alleged misrepresentations made in Defendant Ibotta's April 18, 2024 initial public offering. *Compare, e.g.*, [Doc. 1 at ¶¶ 1, 31–37], *with* Complaint at ¶¶ 5, 41–50, *Valentine v. Ibotta, Inc.*, No. 25-cv-01213-NYW-SBP (D. Colo. May 21, 2025), ECF No. 1. The factual and legal similarities between the two cases suggest that discovery and motions practice in the two cases will overlap significantly, meaning that consolidation will facilitate a more efficient resolution of the cases for both the Parties and the Court. And there is no indication that any other Party will be prejudiced by consolidation. The Court is therefore persuaded that this case and *Valentine* share common questions of fact and law that warrant consolidation under Rule 42(a).

## II. Lead Plaintiff

The PSLRA creates a presumption that the potential lead plaintiff with the largest financial interest should be appointed as lead plaintiff, assuming that person timely moves for appointment and otherwise meet the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). This presumption may be rebutted

> only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—
>
> (aa) will not fairly and adequately protect the interests of the class;
>
> or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*Id.* § 77z-1(a)(3)(B)(iii)(II).

Mr. Tcherkezian represents that, to his knowledge, he is "the Lead Plaintiff movant with the largest financial interest in the relief sought by the Class," as he has suffered a loss of approximately $212,113 as a result of Defendants' alleged conduct. [Doc. 18 at 13]. No Party has attempted to refute Mr. Tcherkezian's position or rebut the statutory presumption, and Mr. Tcherkezian's financial interest in this case is larger than the only other moving Party, Plaintiff. *See* [Doc. 21 at 8]. Moreover, the Court has thoroughly reviewed Mr. Tcherkezian's submissions and concludes that he has adequately demonstrated that he meets the requirements of Rule 23. *See* [Doc. 18 at 13–15]. Accordingly, the Court will appoint Mr. Tcherkezian as Lead Plaintiff in this case.

## III. Lead Counsel

The PSLRA also allows the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). Mr. Tcherkezian has selected the law firm of Scott+Scott to serve as lead counsel. [Doc. 18 at 15].

"There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015). The Court has reviewed Scott+Scott's Firm Resume, which demonstrates that Scott+Scott has extensive experience in the area of securities litigation and has served as lead counsel on many securities class action cases. *See* [Doc. 18-6]. The Court finds that Mr. Tcherkezian's choice of counsel is qualified to prosecute this securities class action.

Accordingly, it is **ORDERED** that:

(1) The Motion By Mark Tcherkezian for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel [Doc. 18] is **GRANTED**;

(2) Pursuant to Federal Rule of Civil Procedure 42 and D.C.COLO.LCivR 42.1, the Clerk of Court shall **CONSOLIDATE** this case with *Valentine v. Ibotta, Inc.*, Civil Action No. 25-cv-01615-NYW-SBP;

(3) All filings shall be made in this case, 25-cv-01213. Filings shall be made using the following caption:

Civil Action No. 25-cv-01213-NYW-SBP
*Consolidated with Civil Action No. 25-cv-01615-NYW-SBP*

(4) Mark Tcherkezian is **APPOINTED** as Lead Plaintiff in this case;

(5) The Clerk's Office and the Parties are **DIRECTED** to update the case caption to reflect the newly designated Lead Plaintiff;

(6) Scott+Scott is **APPOINTED** as Lead Counsel in this action; and

(7) The Notice of Motion of Matt Fortune to Consolidate the Related Actions, Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel [Doc. 16] is **DENIED as moot**.

DATED: July 31, 2025